SECOND DEPARTMENT, DECEMBER, 1980

(December 1, 1980)

■ LEON ALBINDER et al., Appellants, v CHRYSLER CORPORATION et al., Defendants, and DAVID TAROWSKY, Respondent. (And a Second Action.)—In an action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered January 15, 1979, which, after a jury trial, was in favor of the defendant Tarowsky. Judgment reversed, on the law and as a matter of discretion, and as between plaintiffs and defendant Tarowsky, action severed and new trial granted, with costs to abide the event. Plaintiffs were injured when the car in which they were riding as passengers was involved in an accident. At the time, the car was being driven by defendant Tarowsky, a relative of the plaintiffs. The plaintiffs instituted this action against him and against the corporate defendants alleging, alternatively, that the accident had been caused by a defective tire manufactured and supplied by the corporate defendants and that the driver, Tarowsky, had been negligent in the operation of the vehicle. Subsequently, the plaintiffs settled their claims as against the corporate defendants. They then proceeded to trial as against Tarowsky individually, and a verdict was ultimately rendered in his favor. Plaintiffs are entitled to a new trial because counsel for the defendant Tarowsky improperly and repeatedly implied to the jury that his client was engaged in collusion with the plaintiffs in order to secure a recovery which would be satisfied by the said defendant's insurance carrier. Where defense counsel, on behalf of an insurance carrier, believes that the defendant whom he represents is collaborating with the plaintiffs, his remedy is to have the carrier disclaim and not to disavow the client he is called upon to represent. (See *Masone v Gianotti,* 54 AD2d 269.)

Mollen, P. J., Hopkins and O'Connor, JJ., concur; Weinstein, J., dissents and votes to affirm the judgment.